

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C 20001*

May 16, 2008

**FILED**
**JUL 29 2008**
**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Richard A. Finci, Esquire
7850 Walker Drive, Suite 160
Greenbelt, MD 20770

    Re:    <u>United States</u> v. <u>Michael Maurice Clark</u>, *08-160*

Dear Mr. Finci:

    This letter sets forth the full and complete plea offer to your client, Michael M. Clark, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter "the Government" or "this Office"). This plea offer will expire on Friday, May 23, 2008. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

    Your client agrees to waive your client's right to a grand jury indictment and to plead guilty to a criminal Information, a copy of which is attached, that charges one count of mail fraud, in violation of 18 U.S.C. § 1341.

    Your client understands that, pursuant to 18 U.S.C. § 1341, mail fraud carries a maximum sentence of 20 years imprisonment, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

    In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

Letter to Richard A. Finci, Esquire
May 16, 2008
Page 2

### Factual Stipulations

Your client agrees that the attached Statement of the Offense fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> (2007) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

**A.    Offense Level under the Guidelines**

U.S.S.G. § 2B1.1  (Mail Fraud)

| | | |
|---|---|---|
| (a) | Base Offense Level | 7 |
| (b) | Specific Offense Characteristics<br>Loss of more than $120,000 | 10 |
| | TOTAL | 17 |

**Acceptance of Responsibility: 3-point reduction**: The Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a), provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, *adherence to every provision of this Agreement,* and subsequent conduct prior to the imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable **Guidelines Offense Level is <u>14</u>.**

Letter to Richard A. Finci, Esquire
May 16, 2008
Page 3

### B.   Criminal History Category

Based upon the information now available to this Office (including representations by the defense), your client has been previously arrested but does not have any criminal convictions.

In accordance with the above, your client's **Criminal History Category** is **I**.

### C.   Applicable Guideline Range

Based upon the calculations set forth above, your client's stipulated Sentencing Guidelines range is 15 to 21 months (the "Stipulated Guidelines Range"). In addition, the parties agree should the Court impose a fine, at Guidelines level 14, the applicable fine range is $4,000 to $40,000.

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

### Agreement as to Sentencing Allocution

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range and suggest that the Court consider a sentence outside of the Stipulated Guidelines Range, based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or   (ii) engaged in additional criminal conduct after signing this Agreement.

Letter to Richard A. Finci, Esquire
May 16, 2008
Page 4

### Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Restitution

In addition to the other penalties provided by law, the Court may also order that your client make restitution under 18 U.S.C. §§ 3663, 3663A. Restitution is payable immediately unless ordered otherwise by the Court.

In addition to any restitution that may be ordered by the Court, your client agrees to make restitution in the amount of **$184,021.03** to the District of Columbia.

### Appeal Waiver

It is agreed (i) that your client will not file a direct appeal of any sentence within or below the Stipulated Guidelines Range set forth above and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines Range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

Letter to Richard A. Finci, Esquire
May 16, 2008
Page 5

### Wiring of Plea Agreement

Your client understands and acknowledges that this Agreement and any plea of guilty which your client may enter pursuant to this Plea Agreement are contingent upon the entry of guilty pleas by the co-defendant, Jacqueline C. Wright, in this case. If Ms. Wright fails to enter a guilty plea, this Agreement and any proceedings pursuant to this Agreement shall be withdrawn or voided.

### Forfeiture

Your client agrees to criminal forfeiture totaling $184,021.03, which your client agrees constitutes the proceeds derived directly or indirectly as a result of the scheme, in violation of 18 U.S.C. § 1341. Your client agrees that the above-described amount is subject to forfeiture, pursuant to 28 U.S.C. § 2461(c)'s incorporation of 18 U.S.C. § 981(a)(1)(C), as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the scheme, in violation of 18 U.S.C. § 1341.

In order to effectuate the forfeiture, your client agrees to the entry of a Consent Order of Forfeiture in the form of a money judgment, a copy of which is attached.

Your client also agrees to identify all assets over which your client exercises control, directly or indirectly, (or has exercised such control, within the past five years), and all assets in which your client has or had during that time any financial interest. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to forfeit to the United States all of your client's interests in any asset of a value of more than $1000 that, within the last five years, your client owned, or in which your client maintained an interest, the ownership of which your client fails to disclose to the Government in accordance with this Plea Agreement.

Your client agrees to consent to the entry of an order of forfeiture for the money judgment and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client acknowledges that your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case and your client waives any failure by the Court to advise your client of this, pursuant to Rule 11(b)(1)(J), at the time your client's guilty plea is accepted.

Letter to Richard A. Finci, Esquire
May 16, 2008
Page 6

Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

From the forfeited assets, the government intends to provide the District of Columbia with restitution. The government agrees that it will not oppose any request by your client that the restitution ordered by the Court as part of a sentence be offset by the value of the assets turned over to the District of Columbia, by the government, through the administrative, civil, or criminal forfeiture process. Furthermore, although your client and Ms. Wright will be jointly and severally liable for the full amount of the money judgment, amounts collected from one of the defendants will offset the liability of the other, and vice versa.

**Release/Detention**

Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release if your client engages in further criminal conduct prior to sentencing *or if the government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or to pose a danger to any person or the community.*

**Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Letter to Richard A. Finci, Esquire
May 16, 2008
Page 7


Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

Letter to Richard A. Finci, Esquire
May 16, 2008
Page 8

### Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*Jeffrey A. Taylor/ctd*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
Timothy G. Lynch
David S. Johnson
Assistant United States Attorneys
Fraud & Public Corruption Section
555 4th Street NW
Washington, D.C. 20530
(202) 353-4862

Letter to Richard A. Finci, Esquire
May 16, 2008
Page 9

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Richard A. Finci, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 5/21/08

Michael Clark
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 5/21/08

Richard A. Finci, Esquire
Attorney for the Defendant